ADACIA HOWARD DOUGLAS,

    Plaintiff,

v.

MCDONALDS, *et al.*,

    Defendants.

_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Defendant McDonalds Motion to Dismiss, ECF No. [21] ("Motion"). The Court has reviewed the Motion, the record in this case, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

### I. BACKGROUND

On May 21, 2019, Plaintiff Adacia Howard Douglas ("Plaintiff") commenced this action proceeding *pro se*. ECF No. [1]. In the Complaint, Plaintiff alleges that "McDonalds conspired with City of Miami Police officers [*sic*] Funderburk, Jones and Comey to have [Plaintiff] assaulted, robbed of [her] property and falsely arrested." *Id.* at 6. In the Complaint Plaintiff states that the McDonalds Manager stole her property and then called the police to have her arrested. *Id.* Plaintiff contends that the "[three] officers used violent force while placing [Plaintiff] under false arrest. Slamming [sic] [Plaintiff's] head into the ground." *Id.*

Defendant McDonalds has now moved to dismiss the Complaint arguing that the Court lacks diversity jurisdiction, the basis of jurisdiction identified by the *pro se* Plaintiff in her Complaint, over the instant action. *See generally* ECF No. [21].

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002).

"It is axiomatic that federal courts are courts of limited jurisdiction." *Ramirez v. Humana, Inc.*, 119 F. Supp. 2d 1307, 1308 (M.D. Fla. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). "Federal district courts, of course, have original jurisdiction over diversity cases and matters arising under federal law." *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998) (*citing* 28 U.S.C. §§ 1331, 1332). To establish original jurisdiction, an action must satisfy the jurisdictional prerequisites of either federal question jurisdiction under 28 U.S.C. § 1331or diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction

exists when the civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000. *See Id.* § 1332(a).

## III. DISCUSSION

In its Motion, Defendant argues that this action should be dismissed because Plaintiff "invoked the jurisdiction of this Court based solely on diversity of citizenship" and diversity of citizenship does not exist in the case at bar. ECF No. [21], at 2. This argument, however, is without merit. Pleadings filed by *pro se* parties are afforded more leniency than represented individuals. The Court, therefore, liberally construes all pleadings submitted by Plaintiff, as the law dictates is appropriate for *pro se* litigants. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir.2007) ("We are to give liberal construction to the pleadings of pro se litigants."); *Jarzynka v. St. Thomas Univ. of Law*, 310 F.Supp.2d 1256, 1264 (S.D.Fla.2004) ("A pro se litigant's pleadings must be construed more liberally than those pleadings drafted by attorneys."). Given the presence of Florida domiciled parties on both sides of this lawsuit, Defendant McDonalds is correct that diversity of jurisdiction does not exist. While Plaintiff has incorrectly cited 28 U.S.C. § 1332 as a basis for this Court's jurisdiction, the Court nonetheless has original jurisdiction under 28 U.S.C. § 1331 because the Complaint appears to allege claims arising under federal law. *See* 28 U.S.C. § 1331. Indeed, although Plaintiff may also be attempting to allege certain state law claims, the focus of Plaintiff's Complaint appears to be her claims pursuant to 42 U.S.C. § 1983. *See* ECF No. [1], at 6. Thus, this Court has a jurisdictional basis to proceed and Defendant's Motion on this ground is denied.

While not the focus of its Motion, Defendant McDonalds also argues that the Complaint's allegations are "vague and conclusory" and "without supporting facts." ECF No. [21], at 1.

Defendant McDonalds also contends that it is unclear which business entity the Plaintiff intends to file suit against, although it assumes it is the "McDonalds franchise where the underlying incident allegedly took place." ECF No. [21], at n.1. To this extent, the Court agrees that the Complaint lacks sufficient factual support to support the Plaintiff's claims.

The Complaint's sole allegations related to Defendant McDonalds are that it "conspired with City of Miami Police officers . . . to have [Plaintiff] assaulted, robbed of [her] property and falsely arrested." *Id.* at 6. And that the "McDonalds Manager" stole her "property" and then called the police to have her arrested. *Id.* These allegations are devoid of any facts describing, for example: the extent or identity, if any, of Defendant McDonalds employees' involvement in the alleged conspiracy to arrest the Plaintiff; the nature of the alleged conspiracy; the relationship between the Defendants and the named City of Miami Police Officers; and what property belonging to Plaintiff is alleged to have been stolen.

Further, while the Court assumes that Plaintiff is attempting to assert a claim under 42 U.S.C. § 1983 against the named City of Miami police officers and the City of Miami, the Complaint impermissibly references acts done by the Defendants collectively, which improperly lumps them together. Therefore, it is unclear what causes of action the Plaintiff is asserting against each of the Defendants in this action.

After a close review of the Complaint, the Court agrees it lacks sufficient factual support and finds that the Complaint is also unclear which causes of action are being asserted against which of the named defendants. The Complaint is therefore due to be dismissed *without prejudice* and with leave to amend. The Plaintiff shall be granted leave to amend the Complaint to include sufficient factual support and to specify what causes of action she is asserting against each of the named Defendants.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant McDonald's Motion to Dismiss, **ECF No. [21]**, is **GRANTED**. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE** and the Plaintiff is **GRANTED LEAVE TO AMEND**.

2. Plaintiff shall file an amended complaint curing the defects outlined in this Order *no later than August 19, 2019*.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on August 6, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Adacia Howard Douglas
1603 NW 7th Ave
Miami, FL 33136
216-505-3068
Email: cream1876060@gmail.com